# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN BEY, et al.,

          Plaintiffs,

v.                                        Case No. 22-CV-774

MILWAUKEE PUBLIC SCHOOLS, et al.,

          Defendants.

## DECISION AND ORDER

Plaintiffs Kevin Bey, Sonia Wooten, and Kimberly Marion, all proceeding pro se, filed a complaint on July 7, 2022, in which they allege that Milwaukee Public Schools, Amy Chastek, and Terisia Folaron breached a contract with them with respect to the plaintiffs' pursuit of a teaching license. (ECF No. 1.) All parties have consented to the full jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c). (ECF Nos. 2, 3, 4, 10, 11, 15, 33.)

The plaintiffs checked the box on the court's standard complaint form indicating that they are suing for a violation of federal law. (ECF No. 1 at 6.) However, no such violation is alleged in the complaint. The complaint is devoid of any reference to a federal law. Rather, the plaintiffs are clear in that they are alleging that the defendants

breached a contract with them. Breach of contract claims arise under state law and therefore generally may be heard in federal court only if no plaintiff is a citizen of the same state as any defendant, 28 U.S.C. § 1332, or the complaint alleges a related claim arising under federal law, 28 U.S.C. § 1367.

The plaintiffs submitted two responses to the defendants' motion to dismiss. (ECF Nos. 25; 29.) They do not allege that complete diversity of citizenship exists. Rather, they argue:

> Federal law was broken and this case is Not out of your courts jurisdiction. 18 U.S.C. 641 and U.S. code 6711 was broken, It's a crime to steal, embezzle or knowing convert with intent for your own personal gain the property, or to sell, convey or dispose of any record, voucher, money or something of value issued by a department of the United States government. Not only was the Constitution Article 10 section 1 broken but this is a matter of treatise on suit in chancery statute 827 and 821. Article 3 of the U.S. Constitution extends the judicial power of courts to both cases in law and equity. In contract law there is a rule called substance for substance in equal value. We were forced into an extended contract with our signatures forged without our consent. This is a felony case because the defendants committed larceny and theft. We were deprived of our Federal Reserve Notes with a fraudulent contract and tax forms. This is Treason and a Class A felony.
> * * *
> The attorney argues that this isn't a federal matter but FEDERAL RESERVE NOTES were stolen 18 U.S. Code 641. If by any chance your honor this case is out of your jurisdiction, we would like to make a special request for you to transfer this case to a chancellor or a judge in chancellor courts that can keep this case in motion.

(ECF No. 25 at 1-2.) In their sur-reply, the plaintiffs note that the Bernie Madoff and Enron cases were litigated in federal court. (ECF No. 29 at 1.) They refer to a 15 U.S.C.

§ 1692, 42 U.S.C. § 3617, the Sarbanes Oxley Act of 2002, and commercial fraud (ECF No. 29 at 1-2.) They also referred to having been "harassed."

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). Under the Constitution and federal statutes, federal courts can hear only certain types of disputes or disputes under certain circumstances. *Id.* The plaintiff, as the party seeking to invoke federal jurisdiction, has the burden of proving that his case is properly in federal court. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 651 (7th Cir. 2006).

Only federal prosecutors can bring actions to enforce federal criminal law. Private citizens do not have a cause of action under federal criminal law. The unlawful interference provision of the Fair Housing Act, 42 U.S.C. § 3617, has no relevance to the plaintiffs' allegations. Nor does the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, apply because none of the defendants is a "debt collector" and there is no dispute over any "debt" within the scope of that statute, *see* 15 U.S.C. § 1692a(5) and (6).

The plaintiffs do not suggest what specific provision of the Sarbanes Oxley Act of 2002 purportedly applies, and the court cannot discern any relevance of the act. In general, the act applies to the conduct of private corporations. Finally, the plaintiffs' allegations of harassment do not call to mind any federal claim. Federal law prohibits discrimination based on certain protected statuses and under certain circumstances, but

it does not afford a general right to be free from harassment. The plaintiffs do not allege discrimination that would come within the scope of any federal law.

The plaintiffs are clear in their complaint that they are alleging that the defendants breached a contract with them. Such a claim can be heard, if at all, only in state court. Because this court lacks subject matter jurisdiction over the plaintiffs' claims, it must grant the defendants' motion to dismiss.

**IT IS THEREFORE ORDERED** that Milwaukee Public Schools' motion to join the defendants' motion to dismiss (ECF No. 35) is granted.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (ECF No. 22) is granted. The complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 7th day of June, 2023.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge